### A90A2026. BRITT v. WEST COAST CYCLE.
(402 SE2d 121)

COOPER, Judge.

Appellee sued appellant on an account for the purchase of bicycles on November 1, 1988. Appellant answered on December 16, 1988, and appellee served appellant with a Request for Admissions ("Request") on December 27, 1988. In February 1989, counsel for appellee wrote appellant's counsel regarding the Request and appellant's failure to answer the Request. Without obtaining an extension of time in which to answer the Request or seeking the court's permis-

sion to withdraw or amend earlier admissions made due to appellant's failure to timely answer the Request, appellant filed answers to the Request on January 5, 1990, and the jury trial occurred on January 11, 1990. At trial, appellee introduced the Request into evidence and established that all the requests were deemed admitted since a timely answer had not been filed. Attached to the Request was a copy of a check which was tendered by appellant to appellee in payment of the account due. The Request established that the check was a copy of a check payable to the appellee drawn on appellant's checking account; that the check was tendered in payment of appellant's account with appellee; that there were insufficient funds on deposit to pay the check when it was presented for payment; that the check has never been paid by appellant's bank; that appellee has extended credit to appellant; and that there is an unpaid balance on appellant's account with appellee. The copy of the check was sent out with the jury during their deliberations. Appellee also cross-examined appellant to establish that appellant had not paid the account by any means other than the check. Appellant presented no evidence at trial. Appellant appeals from the denial of her motion for a directed verdict and motion for a new trial.

1. The primary argument of appellant is found in the second and third enumerations of error. Appellant contends that the trial court erred in denying her motion for a directed verdict and that the court erred in its charge to the jury.

Appellant argues that the trial court did not give the admissions the appropriate consideration and therefore should have granted appellant's motion for a directed verdict. "[A] matter admitted in response to requests for admission under OCGA § 9-11-36, 'is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. . . . In form and substance [such an admission] . . . is generally regarded as a judicial admission rather than an evidentiary admission. . . .' [Such] a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion. [Cits.]" (Emphasis deleted.) *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847) (1987). The trial court correctly held that the failure to timely answer the Request resulted in conclusive admissions by appellant. The court further correctly disallowed appellant to present any evidence which contradicted or explained the admissions. The case was sent to the jury because the court determined that the issue of whether appellant had paid the account by any means other than the dishonored check had to be resolved. This was a matter outside the scope of the admissions, was appropriately handled by the trial court and did not result in an incorrect treatment of the admissions themselves. "A motion for

directed verdict cannot be granted if there is ' "any evidence" creating a material issue of fact.' [Cits.]" *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 831 (2) (386 SE2d 709) (1989). In view of the conclusive admissions of appellant introduced into evidence, appellant was not entitled to a directed verdict in her favor.

In her brief to this court, appellant asserts error with the court's charge on the burden of proof but instead argues that the court erred in its charge on requests for admissions. As to the court's charge on requests for admissions, the charge followed the language of OCGA § 9-11-36, was a correct statement of the law and was " 'sufficiently clear to be understood by jurors of ordinary capacity and understanding. (Cit.)' [Cit.]" *Archer Motor Co. v. Intl. Business Investments*, 193 Ga. App. 86, 89 (6) (386 SE2d 918) (1989). There was no error in the charge.

2. Appellant also alleges that the court erroneously admitted the copy of the check attached to the Request and erroneously allowed the check to be sent out with the jury. However, appellant failed to demonstrate how the admission of the check, if in fact error, was harmful in light of the conclusive admissions of appellant which were correctly a part of the evidence. Without determining if an error occurred, we find that any contended error would be harmless and would not require a reversal. See *Goss v. Mathis*, 188 Ga. App. 702, 703 (373 SE2d 807) (1988). Additionally, we will not consider appellant's attempt on appeal to object to the admission of the check on the basis of the best evidence rule since this objection was not raised at trial. See *Myers v. Myers*, 195 Ga. App. 529 (3) (394 SE2d 374) (1990).

Appellee's request for ten percent damages is hereby denied. OCGA § 5-6-6.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*John M. Miles*, for appellee.