A98A0525. McCOY v. WEST BUILDING MATERIALS OF GEORGIA, INC.
(502 SE2d 559)

BLACKBURN, Judge.

On December 10, 1994, Frances McCoy tripped and fell over a wooden board supporting a gym and swing set on display outside of one of the stores owned by West Building Materials of Georgia, Inc. McCoy later sued West on the grounds of premises liability, and the trial court granted summary judgment to West. McCoy now appeals.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewing the evidence in the light most favorable to McCoy, West had assembled a Mountaineer II Gym Kit outside of its store. A large structure, the gym featured a slide on one end, a square fort-like structure in the middle, and a swing on the other end. At its base, the gym was supported by long wooden boards. As she was attempting to enter the store, McCoy tripped over one such board and sustained injuries to her right arm and face. Prior to her fall, McCoy saw a young boy sliding down the gym's slide. McCoy contends that the actions of the boy startled her, diverting her attention away from the board in her path.

When asked to describe the events of her fall, McCoy, however, indicated that she saw the board prior to her fall. She gave the following explanation of events: "[Answer:] And, uh, at this, uh, tree house thing and the slide I picked up my foot to step over that two-by-four that was nailed onto the thing and it was almost up to the

glass wall and I hit it with my toe. It was a two-by-six. . . . [Question:] And [the board] stuck out around four feet? [Answer:] Yes, sir. Yes, sir. [Question:] So then you attempted to step over it? [Answer:] Yes, sir, and I hit it with my toe and fell over on my right side. [Question:] Okay. Before you started heading that way, how far were you would you say when you first noticed that board? [Answer:] Uh, I guess, when I just picked up, starting picking up my foot to put over it. [Question:] Okay. Are you saying you never saw it or noticed it until you started to pick your foot up? [Answer:] Yes, sir. Uh huh. [Question:] Okay. You were picking your foot [up] because you saw it was there? [Answer:] Yes, sir. And I don't guess I got my foot up high enough and I hit it with my toe on my shoe."

This is an excerpt from a transcribed interview between McCoy and an insurance agent on January 12, 1995. McCoy's attorney was present at this meeting. In an April 1, 1997 response to defendant's requests for admissions, McCoy admitted that the transcript was accurate and that her answers to the questions posed were truthful. However, in a deposition taken on January 10, 1997, over two years after the fall, McCoy offered a different version of events, stating that she did not remember attempting to step over the board and that she never saw the board at any time prior to her fall.

"A matter admitted in response to requests for admission under OCGA § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. In form and substance such an admission is generally regarded as a judicial admission rather than an evidentiary admission. Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion." (Punctuation omitted.) *Britt v. West Coast Cycle*, 198 Ga. App. 525, 526 (1) (402 SE2d 121) (1991). As McCoy did not seek to withdraw her admissions, her deposition testimony contradicting such admissions cannot be considered. Her responses to the requests for admission conclusively establish that she saw the board and attempted unsuccessfully to step over it.

" '(I)n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.' *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980)." *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 351 (496 SE2d 471) (1998). The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994).

The first prong of the *Robinson* test was satisfied because it is undisputed that West had constructed the gym set over which McCoy fell. The evidence also shows that McCoy had actual knowledge of the hazard which caused her fall. She stated that she was in the process of lifting her foot over the board when she fell and that she simply did not get her foot high enough. Therefore, as McCoy saw the board which she tripped over prior to her fall it cannot be said that West had superior knowledge of the hazard, which would be the true ground of its liability.

McCoy's argument that she was distracted by the child playing on the gym set does not alter this outcome. In *Robinson,* supra at 746, our Supreme Court stated that "when an invitee explains *that he was not looking at the location of the hazard* which caused injury because of something in the control of the owner/occupier, which purported distraction is of such a nature that the defendant might have anticipated that it would divert an invitee's attention, e.g., the conduct of a store employee, the premises construction or configuration, or a merchandise display of such a nature that its presence would not have been anticipated by the invitee, the invitee has presented some evidence that the invitee exercised reasonable care for the invitee's own safety." (Punctuation omitted; emphasis supplied.) By her own admission, McCoy did see the board over which she tripped prior to her fall. Therefore, McCoy's claim of distraction does not fit under the standard set out in *Robinson.* The simple fact is that the plaintiff in this case had actual knowledge of the hazard which caused her fall prior to encountering it. Accordingly, summary judgment in favor of West, which did not have superior knowledge of the hazard in question, was proper.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 21, 1998 — 

*R. Keith Prater,* for appellant.

*Sullivan, Hall, Booth & Smith, Alexander H. Booth, Karl M. Braun,* for appellee.