A99A2461. HALL v. J. H. HARVEY COMPANY.
(529 SE2d 444)

BARNES, Judge.

Pauline Hall sued J. H. Harvey Company for damages after she allegedly fell in a Harvey's grocery store. Hall appeals from the trial court's grant of summary judgment to Harvey. Because the record shows Hall had actual knowledge of the box that caused her fall, we affirm.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d

403) (1997), our Supreme Court reiterated that

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

It also lightened the evidentiary load placed upon slip-and-fall plaintiffs opposing summary judgment by requiring a defendant to produce evidence showing negligence on the part of the plaintiff before the plaintiff is required to produce rebuttal evidence on this issue. Id. at 748.

The evidence in this case consists of a deposition and affidavit from Hall and the deposition of a Harvey's employee. Hall testified in her deposition that when she turned onto the dairy aisle to get butter and eggs, she saw three or four store employees stocking shelves and a lot of boxes on the aisle floor and on pallets. Hall pushed her grocery cart around the boxes in order to get to the butter and eggs. She then walked around the front of her cart, stepped around a box that was right in front of her cart, and picked up a carton of butter. While placing the butter in her cart, she fell over the box she had previously stepped around. At times, Hall testified that she fell over some other boxes in addition to the box located in front of her cart. Because these boxes had been opened and broken down, they were lying flat on the floor. Hall agreed, however, that the box in front of her cart was the main box over which she fell. In an affidavit signed by Hall three months after her deposition, she swore that she "fell over *a box*." (Emphasis supplied.) In both her deposition and affidavit, Hall swore that she did not talk with any Harvey's employees before her fall.

Curtis Bess, a former Harvey's employee, testified that he was stocking goods in the dairy aisle when Hall fell. Bess testified that he placed a case of butter he planned to stock next to the dairy cooler. According to Bess, Hall approached him with a coupon in her hand and asked for his assistance in locating the item. As Bess showed Hall where the item was located, he warned Hall to be careful of the box he had placed against the dairy cooler. He then turned around and walked away from Hall to get more butter from a cart to stock in the dairy cooler. When he turned back toward the dairy cooler with the butter in his hands, he saw Hall stumble over the same box about which he had warned her. According to Bess, Hall caught herself and never fell to the floor or against the dairy cooler.

In this appeal, Hall contends these facts do not justify summary judgment in favor of the defendant because issues of fact exist on

whether she "had equal knowledge *of the particular box* she tripped over" and whether Bess "distracted [her] when he told her to watch out for the box." (Emphasis supplied.) We disagree.

First, the record shows that Hall had actual knowledge of the box that caused her to fall. Second, contrary to the assertions of her counsel on appeal, the record does not show that Hall was distracted from seeing the box as a result of Bess's warning to watch out for the box. Instead, it shows that either (1) Bess warned Hall about the box well before her alleged fall or (2) nothing was said to Hall by a Harvey's employee before her fall that could have caused a distraction.

Because the record shows that Hall had actual knowledge of the box over which she fell, the trial court did not err when it granted summary judgment to Harvey. See *McCoy v. West Bldg. Materials of Ga.*, 232 Ga. App. 620, 622 (502 SE2d 559) (1998).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 10, 2000.

*Herbie L. Solomon*, for appellant.

*Clyatt, Clyatt & DeVaughn, Robert M. Clyatt, Carl G. Fulp III,* for appellee.