## A00A0354. MEANS v. MARSHALLS OF MA.
### (532 SE2d 740)

BARNES, Judge.

This appeal arises from a personal injury suit filed by Allison Daniel Means as a result of injuries she received when she fell in a Marshalls' dressing room. Means contends on appeal that the trial court erred by granting summary judgment to Marshalls. For reasons that follow, we affirm.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), our Supreme Court reiterated that:

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the

exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson* also lightened the evidentiary load placed upon slip-and-fall plaintiffs opposing a motion for summary judgment by requiring a defendant to produce evidence showing negligence on the part of the plaintiff before the plaintiff is required to produce rebuttal evidence on this issue. Id. at 748.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998). Viewed in this light, the record shows that on a Sunday afternoon, Means entered a Marshalls' dressing room with her fiancé's four-year-old daughter, Megan. An attendant at the entrance to the dressing room monitored the number of clothing items Means took into the dressing room. When Means and Megan entered a dressing room, Means noticed between five and seven pieces of "tags and garment paraphernalia" on the floor of the dressing room. They were not "a huge obstacle," and Means was not concerned about tripping over them. Megan tried on clothes first and walked out of the dressing room several times to show them to her father. Means accompanied her out of the dressing room one time. She did not tell the attendant about the garment debris in her dressing room. When Megan completed trying on her clothing, Means tried on a pair of shorts and told Megan to sit in the dressing room while she showed her fiancé the shorts. As she exited the dressing room, Means saw Megan begin "to get up" and the dressing room door starting to swing back toward her. When she tried to reach for Megan and prevent the door from hitting her, she slipped on the garment debris in the dressing room and fell. Means testified that she did not know whether she crossed over this garment debris in her previous trip out of the dressing room with Megan before her fall.

In this case, Marshalls met its evidentiary burden under *Robinson*, supra, by pointing to evidence showing Means had actual knowledge of the debris that caused her to slip and fall. Means responds with the argument that, while she may have known that the garment debris was on the floor of the dressing room, she did not subjectively perceive that it might cause her to fall and summary judgment was therefore inappropriate.

1. The cases relied upon by Means to support this argument are distinguishable because in each of these cases, the particular hazard that caused the plaintiff's injury was either hidden or outside the

realm of an ordinary person's knowledge.[1] In this case, the hazard, garment debris in plain view on a dressing room floor, was one which any person with ordinary, common sense would recognize as something that might cause a person to trip, slip, or fall. The trial court properly granted summary judgment to Marshalls based upon Means' actual knowledge of the garment debris. See *Hall v. J. H. Harvey Co.*, 242 Ga. App. 315 (529 SE2d 444) (2000); *McCoy v. West Bldg. Materials &c.*, 232 Ga. App. 620, 622 (502 SE2d 559) (1998).

2. Means also contends summary judgment should not have been granted because she was distracted by the "emergency situation involving her step-daughter." We find no merit in this argument because Means had actual knowledge of the garment debris before the alleged distraction occurred. See *McCoy*, supra, 232 Ga. App. at 622. See also *Robinson*, supra, 268 Ga. at 744 (1) (a).

3. Our holdings in Divisions 1 and 2 render Means' remaining enumerations of error moot.

*Judgment affirmed. Eldridge, J., concurs. Blackburn, P. J., concurs in judgment only.*

DECIDED MARCH 28, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000 — ■

*Hendrick & Hunter, Robert J. Hunter, Brian K. Jackson, Drew, Eckl & Farnham, Andrew B. Koplan,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, James R. Doyle II, Douglas A. Wilde,* for appellee.

---

[1] In *Gerdes v. Dziewinski*, 182 Ga. App. 764, 766-767 (2) (357 SE2d 110) (1987), the plaintiff did not appreciate the risk of turning her ankle on a small pebble that was obscured by pine straw placed on a sidewalk.

In *Aggeles v. Theater of the Stars*, 235 Ga. App. 57, 58 (507 SE2d 856) (1998) (physical precedent only), we held the plaintiff did not have actual knowledge of the hazard posed by a handrail when she had previously ascended the staircase and fell while descending the staircase on the opposite side. *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812 (318 SE2d 235) (1984) also involved a plaintiff who was injured while descending a step he had previously only ascended.

In *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477) (1986) (physical precedent only), the plaintiff was injured by a sharp object concealed in the construction debris on which she stepped.

In *Amberly Suite Hotel v. Soto*, 214 Ga. App. 72 (446 SE2d 778) (1994), the plaintiff was injured when a waterlogged Sheetrock ceiling collapsed onto him. Before the ceiling's collapse, the defendant saw only a bulge in the Sheetrock and a hole the size of a dime.

Finally, in *Van Dyke v. EMRO Marketing Co.*, 211 Ga. App. 744 (440 SE2d 469) (1994), the plaintiff slipped in a mixture of kerosene and water.