### A00A1012. FERGUSON v. DURON, INC.
(534 SE2d 142)

McMURRAY, Senior Appellate Judge.

Duron, Inc. sued John Ferguson d/b/a Ferguson & Son Painting to recover $13,811.01 due on an open account, $490.38 interest and $1,455.14 in attorney fees. Duron served Ferguson with interrogatories and requests for admission along with the complaint. Ferguson, proceeding pro se, filed an answer but failed to respond to discovery requests. Alleging Ferguson had admitted the debt, Duron moved for summary judgment, which was granted on May 21, 1999.

Ferguson then retained counsel, who discovered that Ferguson had never been served with the summary judgment motion. On that basis, Ferguson filed a motion for reconsideration. In an order dated August 25, 1999, the trial court granted Ferguson's motion and provided Ferguson 33 days to respond to Duron's motion for summary judgment. Ferguson filed no response, and on October 12, 1999, the trial court granted summary judgment to Duron. Ferguson appeals. *Held*:

Duron does not dispute that it has never served its motion for summary judgment upon Ferguson. OCGA § 9-11-5 (a) states that "every written motion . . . shall be served upon each of the parties." OCGA § 9-11-56 (c) requires that a motion for summary judgment "shall be served at least 30 days before the time fixed for the hearing." However, our inquiry does not end here. " '[T]he trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.' [Cits.]" *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876).

In its order granting Ferguson's motion for reconsideration, the trial court in the case sub judice gave Ferguson fair notice of, and an opportunity to respond to, Duron's motion for summary judgment. A party with notice cannot rest on his laurels and simply await an adverse outcome, with the expectation that this Court will provide relief. Accordingly, we hold that the statutorily mandated service requirement was waived under the limited circumstances presented in this case.

After Ferguson was given notice and an opportunity to respond, the burden shifted to Ferguson to demonstrate why summary judgment should not be granted. This Ferguson failed to do. Duron's requests for admission asked Ferguson to admit, inter alia, that he received the goods in question; that the balance owed was accurate; and that he was not entitled to any credits or set-offs. Having failed to respond to the requests, Ferguson admitted the debt.

> "A matter admitted in response to requests for admission under OCGA § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. In form and substance such an admission is generally regarded as a judicial admission rather than an evidentiary admission. Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion." (Punctuation omitted.) *Britt v. West Coast Cycle*, 198 Ga. App. 525, 526 (1) (402 SE2d 121) (1991).

*McCoy v. West Bldg. Materials &c.*, 232 Ga. App. 620, 621 (502 SE2d 559). The record does not reveal any attempt by Ferguson to withdraw the admissions. Lack of service of Duron's motion for summary judgment did not relieve Ferguson of the obligation to respond to Duron's requests for admission.

Next, Ferguson's answer does not set out a meritorious defense. Rather, it details Ferguson's unsuccessful attempts to contact Duron's counsel to obtain "copies of receipts" bearing Ferguson's signature. The answer also states that upon receipt of the documents, Ferguson would "be more than glad to pay the balance."

Further, Ferguson's affidavit in support of his motion for reconsideration avers that he has a meritorious defense but sets forth no facts in support of this assertion. An affidavit devoid of such facts has been held insufficient for the purpose of opening a default judgment. *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 834-835 (4) (360 SE2d 280). Here too, it will not suffice to survive summary judgment.

Finally, although summary judgment cannot be granted by default, *Pearson v. Small World Day Care Center*, 234 Ga. App. 843, 844 (2) (a) (508 SE2d 200), the trial court's order recites that Duron's motion is granted because "the Court finds that, after consideration . . . of the pleadings, motion, all other matters of record and the applicable and controlling law, . . . there are no disputes as to genuine issues of material fact. . . ." Thus, "we will not assume that summary judgment was granted in this case simply because [Ferguson] did not respond to [Duron's] motion." Id. at 845 (2) (a).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 20, 2000 —
RECONSIDERATION DENIED MAY 16, 2000.

*Douglas R. Daum,* for appellant.
*Andrew R. Bickwit,* for appellee.