until March 3, 2000, and he timely appealed to the superior court. We disagree.

It is clear from the record that the property assessments were issued on June 23, 1999, and that Gignilliat appealed the assessments to the Board on July 16, 1999. The timing of the Board's decision thereafter is irrelevant. Because the assessments and proceedings commenced before January 1, 2000, OCGA § 48-5-311 (g) (4) (B) (ii) is not applicable.[2] Accordingly, we affirm the trial court's denial of Gignilliat's request for attorney fees.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 15, 2004.

*Bouhan, Williams & Levy, Walter C. Hartridge, David B. Dennison*, for appellant.

*Karen D. Barr*, for appellee.

### A03A2473. MUSIC v. STEAMCO, INC. et al.
(593 SE2d 370)

RUFFIN, Presiding Judge.

This appeal arises from a premises liability suit filed by Delorise Jean Music as a result of injuries she received when she fell on stairs as she left Steamers Seafood Company on St. Simons Island. Music contends that the trial court erred in granting summary judgment to the defendants, the owner and lessee of the property. For reasons that follow, we affirm.

On appeal from a grant of summary judgment, this Court reviews a record de novo, construing the evidence and all inferences in favor of the nonmoving party.[1] Viewed in this manner, the record shows that Music left Steamers after eating lunch with friends. She was standing at the top of the same steps she had used to enter the restaurant when she noticed standing water on the steps. The steps were dry when she entered. As she started down the steps, she held the railing with her left hand because the situation looked dangerous. She slipped on the second or third step. The fall resulted in a broken ankle. Music admitted that she could have exited to the left or the right of the stairs, and thus avoided the stairs altogether, but only "by going out of [her] way."

---

[2] See id.

[1] *Emory Univ. v. Smith*, 260 Ga. App. 900-901 (581 SE2d 405) (2003); see also *Means v. Marshalls of MA*, 243 Ga. App. 419, 420 (532 SE2d 740) (2000) (physical precedent only).

In *Robinson v. Kroger Co.*,[2] our Supreme Court held that:

> in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

Here, the trial court found that because Music knew of the water on the steps before she began her descent, as well as the "danger associated with descending wet stairs," she had "at least equal knowledge of the hazardous condition and failed to exercise due diligence for her own safety." We agree. In this case, the standing water in plain view on the steps was one which "any person with ordinary, common sense would recognize as something that might cause a person to trip, slip, or fall."[3] Indeed, Music acknowledged that she used the handrail because the situation looked dangerous and that she could have avoided the stairs altogether by exiting to the left or the right of the stairs. Accordingly, the trial court properly granted summary judgment to the defendants.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 15, 2004.

*Teresa G. Bowen*, for appellant.
*Oliver, Maner & Gray, Patrick T. O'Connor, Paul H. Threlkeld, Brennan, Harris & Rominger, Mark A. Bandy*, for appellees.

---

[2] 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[3] *Means*, supra at 421 (1).