A05A0405, A05A0406. HAGGERTY et al. v. HEBRON BAPTIST CHURCH, INC.; and vice versa.
(615 SE2d 148)

MILLER, Judge.

Charlotte B. Haggerty and her husband appeal from a grant of summary judgment in this slip-and-fall suit to Hebron Baptist Church, Inc. (Hebron Baptist), the sponsor of the event at which Mrs. Haggerty fell and was injured. We find no error and affirm.

On appeal from a grant of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the moving party was entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

Viewed in the light most favorable to the Haggertys, the record shows that the couple first attended Hebron Baptist's Starlight

Crusade in 1999 and returned in 2000. After attending the first full day of the 2001 crusade, which was held at a local high school's football field, the Haggertys again returned on the evening of the second day, while it was still daylight. After sunset, and with the field lights now on, the Haggertys decided to visit the infield, where compact discs and other goods as well as refreshments were being sold. A set of plywood boards covering the track around the field provided an unfenced passage from the bleachers to the infield. The boards were placed there to protect the track from the small utility vehicles used to take equipment on and off the field. As the Haggertys walked over these boards, Mrs. Haggerty fell and was injured.

The Haggertys testified that they could see the boards from where they were sitting, and that the boards were uneven, were not flush with each other, and moved up and down when walked or driven upon. They could also see that other people were walking over and around the boards, and felt that they amounted to the "natural" way of getting from the bleachers to the field. Both plaintiffs had walked over the boards without incident prior to Mrs. Haggerty's fall — Mr. Haggerty on the day of his wife's injury, and Mrs. Haggerty at a previous crusade.

Hebron Baptist moved for summary judgment, which the trial court granted in part and denied in part. The court held that although a question of fact remained as to whether the Georgia Recreational Property Act insulated Hebron Baptist from liability, no such question remained on the merits, since the Haggertys had equal knowledge of the hazard on which Mrs. Haggerty fell. Both parties appealed.

1. The Haggertys argue that an issue of material fact remains as to whether they had equal knowledge of the hazard posed by the boards. We disagree.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. However, in order to recover for injuries, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). A plaintiff bears the burden of proof as to the second prong of this test when "the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known."

(Footnote omitted.) *Cobb Venture, LLC v. Donaldson*, 256 Ga. App. 131, 133 (1) (567 SE2d 750) (2002).

Even assuming that the boards were a dangerous condition on the day that she fell, Mrs. Haggerty's own testimony establishes her knowledge prior to her fall that the boards "were not anchored down," "were not flush with each other," and "move[d]" when a vehicle drove over them. Thus the Haggertys cannot show that they lacked knowledge of the boards' dangerous condition, and therefore cannot prove that Hebron Baptist's negligence caused her fall. *Ethridge v. Davis*, 243 Ga. App. 11, 15 (530 SE2d 477) (2000) (summary judgment improperly denied when plaintiff knows that leak is intermittent); see *Huntley Jiffy Stores v. Grigsby*, 208 Ga. App. 634, 635-636 (431 SE2d 435) (1993) (summary judgment properly granted when plaintiff walked across clearly uneven pavement).

We are not persuaded by the Haggertys' suggestions that Hebron Baptist induced them to walk on the boards as "a natural walkway that you felt you needed to take." The Haggertys' own photographs show that although the track was fenced off from the bleachers, with the boards covering the only opening in the fencing, people attending the crusade had the option of either stepping off the boards as soon as they cleared the fencing or stepping over them altogether, and were under no compulsion to remain on the boards as they moved toward the infield. See *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826) (1991) (summary judgment properly granted where plaintiff had alternate route around hazard). Nor is Hebron Baptist responsible for Mrs. Haggerty's distraction as she walked across the boards, since she knew of their dangerous condition before she became distracted. See *Robinson*, supra, 268 Ga. at 746 (1) (a); *McCoy v. West Bldg. Materials of Ga.*, 232 Ga. App. 620, 622 (502 SE2d 559) (1998) (summary judgment properly granted when plaintiff had actual knowledge of danger before encountering it).

2. Since the Haggertys' negligence claim fails as a matter of law, we need not consider whether the Georgia Recreational Property Act shields Hebron Baptist from liability for that claim.

*Judgments affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 9, 2005 —
RECONSIDERATIONS DENIED MAY 23, 2005 — ▆▆▆▆▆▆▆▆

*Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, for appellants.

*Goodman, McGuffey, Lindsey & Johnson, Edward H. Lindsey, Jr., Frederick R. Green*, for appellee.