A07A1111. BRIDDLE et al. v. CORNERSTONE LODGE OF AMERICA, LLC.
(654 SE2d 188)

BERNES, Judge.

In this slip and fall case, Patricia Briddle and her husband appeal from the trial court's grant of summary judgment to Cornerstone Lodge of America, LLC. We find no error and affirm.

On appeal from a grant of summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether the trial court erred in concluding that no genuine issue of material

fact remains and that the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Haggerty v. Hebron Baptist Church*, 273 Ga. App. 371 (615 SE2d 148) (2005).

So viewed, the evidence shows that Patricia Briddle and her husband were staying in a hotel room at the Cornerstone Lodge in Covington when the bathroom toilet overflowed. Briddle called the front desk clerk and complained that "the toilet was overflowing and water had spilled into the kitchenette." The clerk informed Briddle that no maintenance/housekeeping person was yet on duty, and told her where a plunger for emergency use could be located. Briddle retrieved the plunger and, despite "acting with the utmost care and caution to herself," fell on the wet, slippery floor, causing her injury.

Briddle filed suit against Cornerstone, claiming that it negligently breached its duty "to keep the bathroom in a reasonably safe condition for use by invitees." Cornerstone moved for summary judgment, arguing that Briddle had failed to show that the toilet was defective or hazardous, or that Cornerstone had superior knowledge of the alleged hazard. In support of its motion, Cornerstone submitted an affidavit from a Cornerstone employee familiar with the hotel maintenance records. In the affidavit, the employee averred that he found only one other maintenance request form relating to the toilet in the Briddles' room. The request had been submitted over two years prior to Briddle's fall and complained only that the toilet would not flush. The trial court granted Cornerstone's motion and this appeal ensued.

> Owners or occupiers of land are liable to their invitees for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. However, they are not insurers of their safety. For an invitee to recover for injuries sustained as a result of the owner's failure to exercise such care, the invitee must establish both that the landowner had actual or constructive knowledge of the hazard, and that the invitee lacked knowledge of the hazard despite the exercise of ordinary care. The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury.

(Punctuation and footnotes omitted.) *Garrett v. Hanes*, 273 Ga. App. 894, 895 (616 SE2d 202) (2005).

In the instant case, Briddle has proven only that she fell, and "[p]roof of a fall, without more, does not create liability on the part of

a proprietor or landowner." (Punctuation and footnote omitted.) *Garrett*, 273 Ga. App. at 895. The record is devoid of any evidence showing that Cornerstone failed to keep its premises safe, or that Cornerstone had superior knowledge of the alleged hazard. In fact, the record reflects that Briddle's knowledge was equal — if not superior — to that of Cornerstone. Briddle knew that the toilet was overflowing, and indeed was the one who informed Cornerstone of the problem. Briddle was also aware that the tile floor in the bathroom and kitchenette was wet. As we have previously noted, "any person with ordinary, common sense" would recognize standing water on a floor as a hazard that might cause one to slip. (Punctuation and footnote omitted.) *Music v. Steamco, Inc.*, 265 Ga. App. 185, 186 (593 SE2d 370) (2004). Thus, having voluntarily chosen to walk across the wet surface, Briddle cannot now maintain a premises liability action against Cornerstone because she slipped and fell. See id.; *Mansell v. Starr Enterprises/Texaco*, 256 Ga. App. 257, 258-259 (568 SE2d 145) (2002); *Ethridge v. Davis*, 243 Ga. App. 11, 13-15 (530 SE2d 477) (2000). It follows that the trial court properly granted summary judgment to Cornerstone. Since the loss of consortium claim by Briddle's husband was derivative to Briddle's recovery for the underlying injury, summary judgment was also proper as to that claim. *White v. Hubbard*, 203 Ga. App. 255, 256 (416 SE2d 568) (1992).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 9, 2007.

*Lynley R. Teras, Benjamin I. Jordan*, for appellants.
*Hall, Booth, Smith & Slover, Annette F. Simelaro, J. Louise Dietzen*, for appellee.