## A11A1817. BENEFIELD v. VANCE et al.
### (726 SE2d 531)

DOYLE, Presiding Judge.

This appeal arises from a premises liability claim filed by Michael Harold Vance[1] against Johnny Benefield after Vance sustained injuries when he fell at Benefield's home. Benefield filed a motion for summary judgment arguing that the undisputed facts established that Vance was aware of the alleged hazardous condition before the fall, but the trial court denied the motion based on the distraction doctrine. This Court granted Benefield's petition for interlocutory review, and for the reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.[2]

So viewed, the record reveals that Benefield hosted an annual Fourth of July party at his lakefront home, and in 2008, Benefield

---

[1] Vance's wife, Brenda, also filed a claim for loss of consortium.

[2] (Footnote omitted.) *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259 (612 SE2d 83) (2005).

asked Vance and his band, The Honky Tonk Rangers, to perform at the party. Vance deposed that he arrived at Benefield's home at 5:00 p.m. in order to set up his equipment, and at that time, he noticed concrete steps leading down from a patio to the pool area. Vance deposed that the steps looked unsafe because they were wet, irregular, and lacked a skid-resistant surface and handrail. At the time, Vance thought to himself, "[Y]ou know, [d]ude, I ain't going down them steps." Vance deposed that his wife, Brenda, also noticed the allegedly hazardous condition of the steps, and the two discussed the need to avoid using them during the evening.

While packing up his equipment at the end of the evening around midnight, Vance heard his niece and Benefield's employee engaged in an altercation pool-side. When Vance looked up, he observed the employee drawing back his arm as if to strike Vance's niece. Vance testified he yelled "hey" and with the intent of breaking up the fight, proceeded to walk down the steps toward the pool, lost his footing, and fell, injuring himself.

Benefield filed a motion for summary judgment, arguing that the undisputed facts established that Vance had equal or superior knowledge of the allegedly hazardous condition of the steps. In response, Vance argued that his prior knowledge of the steps did not preclude him from recovering because the fight between Benefield's employee and Vance's niece distracted his attention from the condition of the steps. The trial court agreed with Vance and denied summary judgment on the basis that the distraction doctrine created a question of fact as to whether Vance exercised ordinary care for his own safety.

Pursuant to OCGA § 51-3-1,

> [w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

To prevail on a "trip and fall" claim,

> the plaintiff must prove that (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite h[is] exercise of ordinary care, due to actions or conditions within the owner's control. However, the plaintiff's evidentiary burden concerning the second prong is not shouldered until the owner establishes that the plaintiff was negligent, that is, she intentionally and unreasonably exposed herself to a

hazard of which she knew or, in the exercise of reasonable care, should have known existed. With respect to the second prong, we determine whether the record shows plainly, palpably[,] and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety.[3]

When the claim

involves allegations of a static, dangerous condition, the rule is well established that the basis of the [owner]'s liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.[4]

"If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[5]

It is undisputed that before his trip and fall Vance saw and recognized the risk associated with the allegedly defective steps. Nevertheless, relying on cases decided prior to *Robinson v. Kroger Co.*,[6] Vance argued and the trial court agreed that the altercation constituted an emergency situation such that a question of fact exists about whether he exercised a reasonable degree of care while traversing the steps under the circumstances. Vance principally relies upon *City of Rome v. Phillips*,[7] a 1927 case in which a female pedestrian fell over an exposed pipe, which she previously saw, while responding to the sudden and unexpected cry of a mother located across the street, seeking assistance for her injured young child.[8] This Court held that because of the plaintiff's "excitement and the other circumstances . . . she was rendered oblivious of the dangerous condition of the street, [and therefore,] it could not be said, as a matter

---

[3] (Punctuation and footnote omitted.) Id. at 260-261.

[4] (Punctuation omitted.) *Perkins v. Val D'Aosta Co.*, 305 Ga. App. 126, 128 (699 SE2d 380) (2010).

[5] (Punctuation omitted.) *Becton v. Tire King of North Columbus*, 246 Ga. App. 57, 59 (539 SE2d 551) (2000).

[6] 268 Ga. 735 (493 SE2d 403) (1997).

[7] 37 Ga. App. 299 (139 SE 828) (1927).

[8] See id. at 300.

of law, that [her injury] should be attributed to her own negligence."[9] This Court also noted that it was immaterial that the emergency was caused by something other than the defendant.[10]

In *Robinson*, however, the Supreme Court of Georgia, while re-evaluating the parties' respective burdens at summary judgment in a slip and fall case, further explained that

> [s]tated succinctly, the distraction doctrine holds that one is not bound to the same degree of care *in discovering or apprehending* danger in moments of stress or excitement or when the attention has been necessarily diverted. Application of the doctrine has the effect of excusing an invitee from exercising the otherwise required degree of care because of the circumstances created by the purported distraction.[11]

Subsequent to *Robinson*, this Court has consistently held that if a plaintiff has knowledge of an alleged hazard, he or she is barred from recovering for an injury resulting in part from a distraction at the time of the plaintiff's fall.[12] After *Robinson*, the bell of knowledge simply cannot be un-rung.

Here, the trial court found that the post-*Robinson* line of distraction doctrine cases did not control and that instead, *City of Rome* supported Vance's claim that more emergent situations fall outside *Robinson*'s holding.[13] *Robinson*, however, overruled sub silentio those cases in which the plaintiff was not barred from recovery even though the undisputed facts establish he or she had at least equal knowledge

---

[9] Id.

[10] See id.

[11] (Citations and punctuation omitted; emphasis supplied.) *Robinson*, 268 Ga. at 744 (2) (a).

[12] See *Yasinac v. Colonial Oil Properties*, 246 Ga. App. 484, 486 (2) (541 SE2d 109) (2000) ("the distraction doctrine does not apply where the plaintiff had actual knowledge of the hazard before the alleged distraction occurred"); *Means v. Marshalls of Ma.*, 243 Ga. App. 419, 420, 421 (2) (532 SE2d 740) (2000) (physical precedent only) (the plaintiff's actual knowledge of the debris on the floor barred her recovery for her fall even though she claimed to have been distracted by attempting to prevent a dressing room door from hitting a child); *McCoy v. West Bldg. Materials of Ga.*, 232 Ga. App. 620, 622 (502 SE2d 559) (1998) (holding that the plaintiff's claim of being startled by a child on a slide did not prevent summary judgment in her case because "[t]he simple fact [wa]s that the plaintiff . . . had actual knowledge of the hazard which caused her fall prior to encountering it").

[13] For example, the type of distractions given by the Supreme Court in *Robinson* include "the conduct of a store employee, the premises construction or configuration, or a merchandise display of such a nature that its presence would not have been anticipated by the invitee." 268 Ga. at 746 (2) (a).

of a hazard.[14] This is because, as clarified in *Robinson*, the distraction doctrine focuses on the degree of care required of a plaintiff "in *discovering or apprehending* danger."[15] Thus, whether by distraction or emergency, the doctrine addresses a plaintiff's knowledge and appreciation (not avoidance) of the danger, which is the touchstone of premises liability — the "proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm."[16]

Here, the undisputed testimony presented by Vance established that he noticed, thought about, discussed, and was aware of any alleged hazard posed by the steps.[17] Therefore, this case falls within that line of cases in which this Court has held that a mere distraction cannot overcome summary judgment when the plaintiff had actual, prior knowledge of the hazard.[18] Accordingly, even if Benefield had knowledge of the allegedly hazardous condition of the steps,[19] Vance cannot recover because he indisputably had equal knowledge of the steps, and the trial court erred by denying Benefield's motion for summary judgment. "The decisions of the Supreme Court shall bind all other courts as precedents,"[20] and we are not persuaded to deviate from this precedent.

Accordingly, the trial court erred by denying Benefield's motion for summary judgment.

2. For the reasons stated above, Brenda's loss of consortium claim fails because it is derivative of Vance's personal injury claim.[21]

*Judgment reversed. Miller, J., concurs. Ellington, C. J., concurs in judgment only.*

---

[14] See, e.g., *Jackson Atlantic, Inc. v. Wright*, 129 Ga. App. 857 (201 SE2d 634) (1973); *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681 (178 SE2d 543) (1970); *City of Rome*, 37 Ga. App. 299.

[15] (Emphasis supplied.) *Robinson*, 268 Ga. at 744 (2) (a).

[16] (Punctuation omitted.) *Dickerson v. Guest Svcs. Co.*, 282 Ga. 771, 772 (653 SE2d 699) (2007).

[17] Compare with *Rutherford v. Revco Discount Drug Centers*, 301 Ga. App. 702 (689 SE2d 59) (2009) (question of fact existed as to whether the plaintiff's walk up the ramp constituted equal knowledge of the hazard walking down the same ramp); *Hamilton v. Ky. Fried Chicken of Valdosta*, 248 Ga. App. 245 (545 SE2d 375) (2001) (question of fact existed as to whether plaintiff had equal knowledge of a curb in a dark parking lot after traversing the curb during daylight hours).

[18] See, e.g., *Yasinac*, 246 Ga. App. at 486 (2); *Means*, 243 Ga. App. at 421 (2); *McCoy*, 232 Ga. App. at 622.

[19] Benefield conceded for purposes of summary judgment that the stairs constituted a hazard.

[20] See Ga. Const., Art. VI, Sec. VI, Par. VI (1983).

[21] See *Briddle v. Cornerstone Lodge of America*, 288 Ga. App. 353, 355 (654 SE2d 188) (2007).

DECIDED MARCH 21, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 —

*Downey & Cleveland, Jonathan C. Jones,* for appellant.
*Jerry M. Pilgrim,* for appellees.