A98A2357. STEPHENS et al. v. KROGER COMPANY.
(513 SE2d 22)

SMITH, Judge.

This appeal arises out of the trial court's grant of summary judgment to Kroger Company in this slip-and-fall action. Because we conclude that genuine issues of material fact exist for jury resolution, we reverse.

Construed in favor of the non-movant on motion for summary judgment, evidence was presented to the trial court that Tina Stephens, along with her husband, son, and mother, entered a Kroger grocery store on a rainy February day. They walked through an enclosed vestibule containing at least two mats and then through the main entranceway into the store. Stephens testified that after she walked through the store's main entrance toward the shopping carts, she looked up at advertising banners. She continued looking at the banners while she attempted to pull a buggy away from the others, and she stated that "[w]hen I went to pull back on the buggy, my feet slipped out from under me." After Stephens fell, she noticed that her "hand was in the water," although she could not see the water on the floor before she fell or after she stood up. She assumed that the water came from the buggies "[b]ecause it was up under them." Her husband testified that the water could not be seen because the floor was "glossy like it had been freshly waxed . . . and it glares anyway." Stephens and her husband filed this action against Kroger. The trial court granted summary judgment to Kroger, and the Stephenses appeal, contending that issues of fact exist for jury resolution. Under *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997) and its progeny, and the well-settled law that summary judgment is proper only in the absence of genuine issues of material fact, OCGA § 9-11-56, we agree with the Stephenses.

In *Robinson*, the Supreme Court held that

to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

Id. at 748-749. Questions of fact exist concerning each prong of this test.

1. First, unlike cases such as *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 685 (4) (498 SE2d 748) (1998), genuine issues of material fact exist concerning Kroger's knowledge of the hazard. We note that a premises owner can show a lack of constructive knowledge by demonstrating "that it exercised reasonable care in inspecting the premises. This burden may be carried by evidence of compliance with reasonable inspection procedures." (Citation and punctuation omitted.) *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 517 (2) (502 SE2d 476) (1998) (physical precedent only). See also *McConnell v. Smith & Woods Mgmt. Corp.*, 233 Ga. App. 447, 449 (2) (504 SE2d 526) (1998). And here, Kroger presented evidence that a store employee mopped the area around the front entrance, including the buggy corral, every 30 minutes. This employee testified by affidavit that he had mopped the floor within five minutes of the accident, and the floor around the entrance, including that around the buggy corral, was clean and dry. But another Kroger employee, the front-end supervisor at the time of the incident, testified during her deposition concerning her observations prior to Tina Stephens's fall. She stated that "[t]he floor was wet, but I did not see a puddle or any substantial amount of water in one place. . . . It was wet just from mopping where the water had drained off the buggies." These inconsistencies create an issue of fact for the jury.

Other issues exist as well concerning Kroger's knowledge of the hazard and the steps it took to protect its patrons. For example, an issue exists as to whether caution signs were placed near the buggy corral. Kroger submitted evidence that these signs were present, but Tina Stephens testified that although two "wet floor" signs were placed at the entrance to the vestibule area, "there were no 'wet floor' signs visible inside the main entrance or in the area where the shopping carts were located inside the store prior to or at the time I approached the carts." Jerry Stephens similarly testified that before Tina Stephens fell, no "wet floor" signs were placed in the area where the buggies were located but that Kroger personnel placed such signs in the area *after* the incident occurred.

Additionally, Tina Stephens testified on deposition that after she fell, a cashier and a bag boy argued as to whether the cashier told the bag boy to "clean this mess up." According to Stephens, the bag boy said he did clean it up, while the cashier said he did not. Although Stephens did not identify these employees during her deposition, she later testified by affidavit that she had mistakenly believed the woman to be a cashier but learned at the deposition given by this employee that she in fact was Karen Brooks, the front-end supervisor. Compare *Johnston v. Grand Union Co.*, 189 Ga. App. 270-272 (1) (375 SE2d 249) (1988) (unidentified employee's alleged statements about condition of door inadmissible under exception to hearsay rule

for admissions against interest of employee/agent because utterer not identified). Stephens offered a reasonable explanation for any arguably contradictory testimony regarding this matter, as required by *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986), and we therefore do not construe this testimony against her.

2. Factual issues also exist concerning the second prong of the *Robinson* test. As stated above, a plaintiff's burden of pointing to evidence disproving his or her negligence arises only after it has been shown that the defendant had knowledge of the hazard, and the defendant presents evidence that the plaintiff's voluntary or casual negligence proximately caused the plaintiff's injuries. *Robinson* at 747-748. See also *Smith v. Toys "R" Us*, 233 Ga. App. 188, 190 (504 SE2d 31) (1998). Here, although Tina Stephens did not actually stop and wipe her wet shoes on the mats placed by Kroger inside the vestibule area, she stated that as she walked through this vestibule area, she watched where she was going and believed that walking on the mats would "get the water off" her shoes. We therefore cannot say as a matter of law that she failed to exercise ordinary care for her own safety under the standard set forth in *Robinson*. This is a question for jury resolution.

Kroger correctly argues that this court has often held that "[t]he risk of harm imposed by some accumulation of water on the floor of business premises during rainy days is not unusual or unreasonable in itself, but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate." (Citations and punctuation omitted.) *Adams v. Winn-Dixie Stores*, 192 Ga. App. 892, 893 (386 SE2d 686) (1989). But here, issues of fact exist concerning Tina Stephens's knowledge of the condition of the floor and her behavior as she walked into the store. When asked whether she knew that water had been tracked into the store, she replied, "not with [those] mats . . . right there catching it off your feet before you walked in that other entrance. Because after I walked through that . . . my mind was on getting the groceries because I had . . . been careful about the water before I walked in." After she passed through the vestibule, she walked through the main entranceway, where she began looking at banners hung by Kroger.

Finally, although Stephens was not looking at the floor after she walked through the main entrance, an invitee is not required, as a matter of law, "to look continuously at the floor for defects . . . since the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises." *Robinson* at 743. Given the fact that Tina Stephens presented evidence that she was cautious as she walked into the

store and believed her feet to be dry, we cannot say that her failure to look at the floor while she pulled out her buggy is tantamount to an intentional and unreasonable exposure to a known hazard. See *Robinson* at 749.

We recognize the general rule that landowners are not insurers of invitees' safety. See, e.g., *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992). But this rule does not dispense with the equally well-settled rules that summary judgment is appropriate only in plain, palpable, and undisputed cases in which no genuine issues of material fact exist. See, e.g., *Hardeman v. Spires*, 232 Ga. App. 694, 695-696 (503 SE2d 588) (1998); *Jackson v. Camilla Trading Post*, 218 Ga. App. 164, 168 (460 SE2d 849) (1995). And here, such factual questions remain for jury resolution with respect to whether Kroger had knowledge of a hazardous condition and whether Tina Stephens exercised ordinary care for her own safety. In sum, the issues in this case are simply "routine" ones, incapable of summary adjudication. *Robinson* at 748. We therefore reverse the trial court's grant of summary judgment to Kroger.

*Judgment reversed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 11, 1999 — 

*John M. Hatfield*, for appellants.
*Clyatt, Claytt, Wallace & DeVaughn, Robert M. Clyatt, Carl G. Fulp III*, for appellee.