A01A0760. MARTIN et al. v. CONSOLIDATED STORES
CORPORATION.
(547 SE2d 380)

MIKELL, Judge.

Elmer Martin slipped, fell, and broke his hip while wading through an inch of water in the restroom of a store owned by Consolidated Stores Corporation d/b/a Big Lots ("Consolidated"). Martin filed a personal injury action, and his wife, Mildred Martin, asserted a loss of consortium claim. The trial court granted summary judgment to Consolidated, and the Martins appeal. We affirm.

We apply a de novo standard of review to an appeal from the grant of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in favor of the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that on August 17, 1997, the Martins had been shopping in a Big Lots store for approximately 45 minutes when Mr. Martin decided to use the restroom. When he entered the room at 3:00 p.m., he saw water pouring out of a urinal onto the floor. Martin walked through an inch of standing water to enter a stall. After exiting the stall, Martin walked toward the door and fell just as he reached it. Martin testified that he did not see any water or hear the urinal running until he entered the restroom. No one else was in the facility.

An employee testified that he had inspected the restroom immediately prior to clocking out for lunch, which his time card showed was 2:06 p.m. The manager of the store deposed that the store adhered to its policy of cleaning the restrooms every morning before opening for business and inspecting them every two hours until the store closes. The assistant manager on duty on the date of the incident testified that brief visual inspections were conducted more frequently. She estimated that the restrooms are inspected approximately six times during the ten hours the store is open on Sundays.

To prevail in a slip and fall case, a plaintiff must prove that: (1) the store had actual or constructive knowledge of the hazard; and (2) he lacked knowledge of the hazard despite exercising ordinary care for his own safety. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997). Summary judgment is appropriate only when the evidence is plain, palpable, and undisputed. Id. at 749.

This case hinges on the second prong of the *Robinson* test. In this regard, the store owner bears the burden of showing that the customer intentionally and unreasonably exposed himself to a hazard of which he knew or, in the exercise of ordinary care, should have known. Id. "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it." (Citations and punctuation omitted.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). A customer exercises ordinary care when he uses

all senses to discover and avoid hurtful things. The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces wants of such prudence as the ordinarily careful person would use in a like situation.

(Citations and punctuation omitted.) *Robinson*, supra at 741.

In the case sub judice, Martin's deposition testimony establishes that he saw and purposefully walked through inch-high water, while more water was spewing from the urinal. He did not ask a store employee to mop the floor first, and there is no evidence that Consolidated had knowledge of the water. While "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication," this is one of those cases in which the evidence is plain and palpable that the plaintiff failed to exercise ordinary care for his own safety. *Robinson*, supra at 749.

Martin asserts that the "necessity rule" applies to create a question of fact because he had no option except to assume the risk and traverse the hazardous floor so that he could satisfy his urgent need to relieve himself. There is no merit to this contention. The "necessity rule" applies in the context of a landlord-tenant relationship where the tenant is required to traverse a known hazard in order to enter or leave his home. *Hart v. Brasstown View Estates*, 234 Ga. App. 389, 391 (506 SE2d 896) (1998).

Martin's actual knowledge of the hazard thus precludes his recovery. *Means v. Marshalls of MA*, 243 Ga. App. 419 (532 SE2d 740) (2000) (physical precedent only). Cf. *Smith v. Toys "R" Us*, 233 Ga. App. 188 (504 SE2d 31) (1998) (no evidence plaintiff had actual knowledge of the puddle of water that caused her fall). Accordingly, the trial court did not err in granting summary judgment to Consolidated.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001.

*Miller & Markle, Eric D. Miller*, for appellants.
*Duncan & Mangiafico, George E. Duncan, Jr., Tammi M. Berden*, for appellee.