A01A1739. LANIER v. STATE FARM MUTUAL INSURANCE
COMPANY.
(558 SE2d 813)

PHIPPS, Judge.

Cody Lanier, by his next friend and natural guardian Catherine Marie Lanier, his mother, filed a suit for injuries suffered in a motor vehicle collision and served State Farm Mutual Insurance Company (State Farm) as the uninsured motorist carrier. This appeal is from the grant of partial summary judgment to State Farm. For the reasons set forth below, we reverse.

On April 6, 1997, Cody, then age five, was injured in a collision while a passenger in an automobile driven by his maternal grandfather, Freddy Kent. The insurer of the other driver subsequently became insolvent. Accordingly, a copy of the complaint against the other driver was served on State Farm as Kent's uninsured motorist carrier. Kent owned three vehicles, each covered by a different policy issued by State Farm. State Farm moved for summary judgment, conceding coverage with respect to the policy on the car involved in the collision, but resisting coverage as to the other two policies. The basis for its resistance was that Cody was not a "relative" of his grandfather within the meaning of those policies, as he did not live with him at the time of the collision. Under those policies, uninsured

---

[12] See *Moton v. State*, 242 Ga. App. 397, 399 (3) (b) (530 SE2d 31) (2000).
[13] *Branch v. State*, 182 Ga. App. 818, 820 (3) (357 SE2d 136) (1987).

motorist coverage extended to a "relative," defined as "a person related to [the named insured] . . . by blood . . . who lives with [the named insured]." The sole factual issue underlying this appeal is whether Cody lived with his grandfather at the time of the collision.

> To prevail on summary judgment, the movant must demonstrate that no genuine issues of material fact remain and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. A defendant meets this burden by showing the court that the . . . evidence in the record reveal[s] that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. Once the defendant discharges its burden, the plaintiff must point to specific evidence giving rise to a triable issue of fact. On appeal, we review the trial court's grant of summary judgment de novo.[1]

In that review, we "view[ ] the evidence and all reasonable conclusions and inferences drawn from it in favor of the nonmovant."[2]

It is asserted that the trial court "fail[ed] to construe the . . . evidence . . . most strongly in favor of [Cody] the non-moving party and [failed] to hold a hearing on [the motion for summary judgment]." The second part of this claim has been abandoned by failure to support it with citation of authority or argument.[3] As to the first portion, our attention is directed to the following in Kent's deposition:

> Q. And was [Cody's mother] living with you at the time of this accident . . . ?
> A. Right. Her and the kids were living with me. I mean they were, they had their trailer.

The trial court stated that "[i]t appears . . . that Kent clarified his original statement to indicate that . . . the plaintiff lived at the trailer." Thus, it granted summary judgment for State Farm because "the record does not contain any evidence that [Cody and his mother] were living with Kent at the time of the accident."

It is possible, however, to interpret Kent's testimony that "[Cody's mother and her children] were living with me. I mean they were, they had their trailer," as merely a statement that *although* they had a trailer, they were living with him at the time of the colli-

---

[1] (Punctuation and footnotes omitted.) *Kitchens v. Keadle Lumber Enterprises*, 249 Ga. App. 831 (549 SE2d 781) (2001).

[2] (Citation omitted.) *Martin v. Consolidated Stores Corp.*, 248 Ga. App. 812, 813 (547 SE2d 380) (2001).

[3] Court of Appeals Rule 27 (c) (2).

sion. Moreover, while the record before us contains copies of only seven pages of Kent's 74-page deposition, those pages include Kent's testimony that "[Cody's mother] stayed with me probably eighty to ninety percent of the time [in 1997]" and the following:

Q. Back in April of '97,[4] did [Cody's mother] have any furniture at [your] address?
A. Just stuff for the kids. . . . I had my own furniture.
Q. Okay. What about clothing?
A. . . . [S]he kept her clothes in there at my house and the kids clothes.
Q. All her clothes at [your house] or did she keep them at the trailer?
A. She kept most of them there because she was staying there. She had some at the trailer.
Q. What about other personal effects?
A. [E]verything that she need[ed] for day to day living . . . she kept at my house.

Construing this testimony in favor of Cody as the nonmoving party, it constitutes evidence that his mother, and thus he, were living with Kent in April 1997. This testimony gives rise to a triable issue of fact on the question of coverage under the two policies at issue here.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 14, 2002.

*Salter & Richards, Theodore Salter, Jr., Tracy W. Middlebrooks III*, for appellant.

*Mabry & McClelland, Wilbur C. Brooks, Sharon W. Ware & Associates, Jacqueline N. Reagin*, for appellee.

---

[4] As noted above, the collision occurred on April 6, 1997.