A01A2249. McHENRY v. LONGHORN STEAK, INC. et al.
(560 SE2d 731)

ELDRIDGE, Judge.

On March 24, 1998, Ruth McHenry, plaintiff, ate at Longhorn Steak, Inc. and was seated in a dimly lit area in a booth on a raised platform above the main dining room. After the meal, she and her family got up to leave; plaintiff slipped on a peanut shell on the floor beneath her table and broke her leg. Plaintiff sued Longhorn Steak, Rare Hospitality International, Inc. and Rare Hospitality Management, Inc. After answering, the defendants moved for summary judgment, which the trial court granted. We reverse.

The defendants provided baskets of peanuts for customers to shell and eat, and the McHenry family ate some peanuts, placing the shells in the basket. Their waitress saw the shells in the basket and threw them on the floor away from where they were seated and told them to throw the shells on the floor.

The defendants by their custom and practice of throwing peanut shells on the floor created a dangerous condition by its employees

throwing peanut shells on the floor, encouraging the customers to do the same, and failing to timely sweep up the shells. From their custom and practice, the defendants had constructive knowledge that at all times there were peanut shells on the floor or that shells were likely to be on the floor. The waitress in throwing the shells from the plaintiff's basket away from her table onto the floor had actual knowledge that such shells could land near the table and engaged in active negligence. Further, since it was evening and meals had been previously served to other customers at this table as evidenced by the presence of shells on the floor not put there by the McHenrys, then the reasonable inference arose that the shells had been left on the floor from diners prior to the McHenrys' arrival and that there had been sufficient time for a reasonable inspection to have disclosed the presence of the shells. See *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998) (length of existence of foreign object on floor not necessary in absence of inspection procedure). Also, plaintiff's waitress, as well as other employees, had been in the immediate area of plaintiff's fall but due to custom and practice ignored the presence of peanut shells on the floor. See *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (522 SE2d 749) (1999); *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631-632 (3) (493 SE2d 196) (1997).

The plaintiff never saw peanut shells on the floor and had knowledge only that their waitress had thrown the shells on the floor away from the table. She lacked knowledge that other employees and patrons also threw peanut shells on the floor as a usual custom and practice and that there was no inspection or routine removal of the shells. Therefore, the plaintiff lacked equal knowledge with the defendants, which had superior knowledge because they had instituted and perpetuated such custom and practice.

> A slip-and-fall plaintiff need not necessarily produce evidence which disproves the plaintiff's negligence to withstand a motion for summary judgment — the burden of coming forward with such evidence arises only after it has been established or assumed the defendant had actual or constructive knowledge of the hazard, and the defendant presents evidence that the plaintiff's injuries were proximately caused either by the plaintiff's voluntary negligence, i.e., plaintiff's intentional and unreasonable exposure of self to a hazard of which plaintiff has knowledge, or by the plaintiff's casual negligence, i.e., the plaintiff's failure to exercise ordinary care for personal safety. In this way, the defendant has the evidentiary burden as to the issue of the plaintiff's negligence after it has been established or assumed for pur-

poses of a motion for summary judgment that the defendant was negligent, i.e., that the defendant had actual or constructive knowledge of the existence of a hazard on its premises. Only after the defendant has produced evidence of the plaintiff's negligence does the plaintiff have the burden of producing rebuttal evidence that the invitee's failure to ascertain the existence of the hazard was due to actions or conditions within the control of the defendant, which actions or conditions are of such a nature that the defendant knew or should have known they would have diverted the invitee's attention from looking where [she] was going.

*Robinson v. Kroger Co.*, 268 Ga. 735, 747-748 (2) (493 SE2d 403) (1997). In this case, the raised platform, the constriction of the booth, the dim lighting, and the action of the waitress in throwing the peanut shells away from the plaintiff's table could be found by a jury to constitute such a foreseeable distraction causing the plaintiff not to look at the floor under the table to discover the presence of peanut shells left by prior diners. "In sum, we remind members of the judiciary that 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748. This is not such a case.

"It is a plaintiff's knowledge of the specific hazard [precipitating a] slip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids." (Punctuation and emphasis omitted.) *Gourley v. Food Concepts*, 229 Ga. App. 180 (493 SE2d 587) (1997). Whether or not plaintiff exercised reasonable care under the facts and circumstances for her own safety is a question for the jury. See *J. H. Harvey Co. v. Reddick*, supra at 472 (1) (c); *Straughter v. J. H. Harvey Co.*, supra at 31 (1).

The cases relied upon by defendant are distinguishable, because there the injured party either walked backward without looking, *Becton v. Tire King of North Columbus*, 246 Ga. App. 57 (539 SE2d 551) (2000); *Carey v. W. R. Grace & Co.*, 221 Ga. App. 728 (472 SE2d 524) (1996), or blindly barged through a closed door thinking that it was a room and not stairs, *Parker v. Welborn*, 236 Ga. App. 344 (511 SE2d 917) (1999).

Further, even if the defense of assumption of the risk were raised as to plaintiff's conduct, then such defense requires (1) actual knowledge of the specific danger, (2) understanding and appreciation of the risk associated with such danger, and (3) voluntarily exposing

herself to those risks. This causes a jury question under the evidence in the record.

> The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities.

(Footnotes omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996). Plaintiff cannot be said as a matter of law to have assumed the risk of walking out of the restaurant after she learns after she is seated that the floor is strewn with peanut shells.

*Judgment reversed. Johnson, P. J., Ruffin, Miller, Ellington and Phipps, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

Because I believe this is one of those cases in which the evidence of McHenry's equal knowledge of the condition which she contends caused her fall is "plain, palpable, and undisputed[,]" I would affirm the trial court's grant of summary judgment to Longhorn Steak, Inc.

Both McHenry and her daughter deposed that when they ate some of the peanuts on the table, they put the shells back into the basket. Seeing this, the waitress instructed them, "you don't do that, . . . you just throw them on the floor." The waitress then tossed the basket of shells onto the floor. McHenry also deposed that "I just knew that when the waitress threw those peanuts, . . . that certainly they were on the floor."

Pretermitting whether, under these circumstances, the peanut shells could even be considered a defect in the premises, as opposed to a part of the decor, see *Pritchett v. Hartwell Entertainment Group*, 221 Ga. App. 708 (472 SE2d 512) (1996), it is without question that McHenry was aware of the condition.

"A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury." *City of Winder v. Girone*, 265 Ga. 723, 724 (462 SE2d 704) (1995). Just as Girone knew she was traversing a patio covered with sewage, McHenry knew she was traversing a peanut-strewn floor. See also *Moss v. Dept. of Public Safety*, 247 Ga. App. 426 (1) (543 SE2d 799) (2000); *Palermo v. Winn-Dixie Atlanta*, 221 Ga. App. 532, 533 (1) (472 SE2d 85) (1996).

Therefore, I respectfully dissent.

Decided February 20, 2002.

*Deming, Parker, Hoffman, Green & Campbell, Christopher W. Daly, William R. Pike*, for appellant.

*Cruser & Mitchell, Joseph R. Cruser, Jennifer M. McBath*, for appellees.