## A02A0737. GILBERT et al. v. AUTOMOTIVE PURCHASING SERVICE et al.

(563 SE2d 906)

JOHNSON, Presiding Judge.

This case arises from a slip and fall that is alleged to have occurred on September 11, 1999, in an automobile showroom operated by Automotive Purchasing Service. While shopping for an antique Chevrolet Corvette, Ita Gilbert contends that she slipped on an unknown substance. Gilbert and her husband sued Automotive Purchasing Service, Corvette City (a trade name for Automotive Purchasing Service), and Paul Hirshberg (chief executive officer for Automotive Purchasing Service) for Gilbert's injuries and for her husband's loss of consortium. Finding that the defendants lacked any knowledge of the hazard on its premises, the trial court granted summary judgment to the defendants. Gilbert contends that the evidence did not authorize that judgment, and we agree. Premises liability cases are not susceptible to summary adjudication except where the evidence is "plain, palpable, and undisputed."[1] Here, it was not.

When viewed in the light most favorable to Gilbert, the nonmovant, the evidence shows that Gilbert did not see any substance on the floor prior to her fall, but, with the sunlight falling at a different angle on the floor after her fall, she saw the substance on which she slipped. According to Gilbert, there was a thin film of substance and a streak where her shoe had slid through the film. Gilbert's husband testified that he knew exactly what the substance was — it was a sweeping compound typically used to clean garages and industrial areas. He testified that when he was a supervisor at a transformer facility, the cleaning crew had used the substance frequently. According to Gilbert's husband, he had used the substance himself and knew it was excellent for cleaning grease, oil, and grit. However, he also knew that if it was not completely swept up, it was very slippery and dangerous.

Automotive Purchasing Service acknowledged that the floor was cleaned the night before Gilbert fell, but denied that the cleaning substance described by Gilbert's husband was used. However, its witnesses gave different and inconsistent testimony as to what cleaning agent may have been used on the floor. And, there is no testimony from the individual who actually cleaned the floor the night before Gilbert's fall.

Gilbert contends that material issues of disputed fact precluded summary judgment. We agree.

---

[1] *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

An owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe. This duty of ordinary care requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge. To recover for injuries sustained in a slip-and-fall action, therefore, the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner.[2]

In the present case, Gilbert has presented evidence that she slipped on a foreign substance. She testified that after her fall, she could see a streak mark where her shoe had slipped. Moreover, her husband testified that he could identify the substance based on his experience in using the floor cleaner. Based on the record on appeal, there is sufficient evidence to create a genuine issue of material fact regarding the presence of a foreign substance on the floor where Gilbert fell.[3]

The issue of whether Automotive Purchasing Service had actual or constructive knowledge of this substance is disputed. Although the evidence does not demonstrate that Automotive Purchasing Service had actual knowledge of the substance, it does preclude us from holding as a matter of law that Automotive Purchasing Service did not have constructive knowledge of the substance. Automotive Purchasing Service denies that the substance described by Gilbert's husband was used. However, it acknowledges that the floor was cleaned the night before Gilbert slipped, and it does not identify the cleaner used on the floor. Thus, the evidence presented by Automotive Purchasing Service does not rebut the inference that the cleaning substance identified and described by Gilbert's husband was, in fact, used the night before Gilbert's fall. Viewed in a light most favorable to Gilbert, there is evidence from which a jury could find that Automotive Purchasing Service negligently created a dangerous condition on its premises that caused Gilbert to fall and injure herself. And, under Georgia law, one who creates a dangerous condition on his property has constructive knowledge of the danger.[4]

---

[2] (Citations and punctuation omitted.) *Gunter v. Patterson Bank*, 247 Ga. App. 555, 557-558 (544 SE2d 735) (2001).

[3] See id. at 558.

[4] See *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 443-444 (2) (491 SE2d 881) (1997).

In addition, even assuming that an Automotive Purchasing Service employee had inspected the floor earlier in the morning, such an inspection would not necessarily foreclose Gilbert's recovery. "An owner/occupier is on constructive notice of what a reasonable inspection would reveal."[5] Here, Hirshberg testified that Automotive Purchasing Service had no systematic program in place for safety floor inspections. While an employee testified that he inspected the showroom just 15 minutes before Gilbert's fall, he also testified that the floor was in the same condition after Gilbert's fall as it was when he inspected it earlier. Based on Gilbert's testimony of the presence of a foreign substance, as well as her husband's testimony regarding the identification of the substance, it is for a jury to determine whether the Automotive Purchasing Service employee conducted a cursory and inadequate inspection which failed to disclose the substance upon which Gilbert slipped and whether the substance was discoverable upon a reasonable inspection.[6] Similarly, a jury must decide whether Automotive Purchasing Service breached its duty under OCGA § 51-3-1[7] to keep its premises in a reasonably safe condition by negligently conducting that inspection or by failing to warn of the dangerous condition.[8]

It is not our role on appeal to assess the credibility of Gilbert, her husband, or the employees of Automotive Purchasing Service. Any evidence of a witness' interest or bias is for jury consideration.[9] And, contrary to the trial court's holding, Gilbert's husband's testimony regarding evidence of the cleaning compound on the floor is not speculation. As the Supreme Court of Georgia has ruled, evidence that is based on a witness' personal observation and training is not speculation.[10] Opinion evidence may be sufficient to preclude the grant of summary judgment.[11] Since there is evidence in the record from which a jury could determine that Automotive Purchasing Service had constructive knowledge of the substance allegedly causing Gilbert's fall, we reverse the trial court's grant of summary judgment.

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

---

[5] *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000).

[6] See *Wallace v. Nissan of Union City*, 240 Ga. App. 658, 660 (1) (524 SE2d 542) (1999).

[7] "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

[8] See *Wallace*, supra.

[9] *Gunter*, supra at 559.

[10] See *Felder v. State*, 270 Ga. 641, 645 (7) (514 SE2d 416) (1999).

[11] *Furlong v. Dyal*, 246 Ga. App. 122, 124 (1) (539 SE2d 836) (2000).

DECIDED APRIL 8, 2002.

*Jesse E. Barrow III*, for appellants.
*David T. Markle*, for appellees.