A02A0958. CROOK v. RACETRAC PETROLEUM, INC.
(570 SE2d 584)

ELLINGTON, Judge.

Denise Crook appeals from the grant of summary judgment to RaceTrac Petroleum, Inc. in this slip and fall premises liability case. The trial court determined that RaceTrac's inspection program was reasonable as a matter of law and, therefore, it did not have constructive knowledge of the gas spill that caused Crook's injuries. Because we find that a jury issue existed as to whether the inspection schedule was reasonable under the circumstances presented, we reverse and remand for further proceedings.

> We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.

(Footnotes omitted.) *Shepard v. Winn Dixie Stores,* 241 Ga. App. 746, 747 (527 SE2d 36) (1999). Viewed in the light most favorable to Crook, the evidence showed that, on March 29, 2000, Valerie Dorsett

---

went to her job at the RaceTrac service station in Stockbridge. As co-manager of the station, Dorsett was responsible for conducting inspections of the property every two hours. These inspections included checking the parking lot, picking up trash, cleaning up spills, restocking paper products, and similar tasks. At 4:00 p.m., she inspected the area around the gas pumps and saw no spills. At approximately 4:30 to 4:45 p.m., Dorsett went outside to smoke a cigarette on the side of the building. She did not conduct an inspection of the property at that time and, because she was smoking, did not go near the gas pumps. She testified, however, that she did not see a gas spill at that time.

Sometime between 5:00 and 5:30 p.m., Crook went to the station and parked near a gas pump. As she walked around her truck, she slipped and fell in a large puddle of gas, severely injuring her left knee. She filed a personal injury suit against the station. RaceTrac moved for summary judgment. The trial court granted the motion after finding that the company could not be charged with constructive knowledge of a hazard, since it had "reasonable inspection procedures in place that were followed at the time of this incident." The trial court's order, however, did not explain its implicit finding that the inspection program was reasonable as a matter of law.

On appeal, Crook contends the trial court erred when it granted RaceTrac's motion for summary judgment, arguing that a jury issue exists as to whether RaceTrac's two-hour inspection program was reasonable under the circumstances of this case. We agree and reverse the grant of summary judgment.

> To prove negligence in a slip and fall premises liability case, the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it. [Crook] presented no evidence that [RaceTrac] had actual knowledge of the hazard which caused her fall. To establish constructive knowledge, [Crook] must show that (1) a [RaceTrac] employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by [RaceTrac] should have discovered it. Because no [RaceTrac] employees were in the immediate area when [Crook] fell, she must use the second method of proving constructive knowledge. Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the

owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its [reasonable] inspection procedures.

(Punctuation and footnotes omitted.) *Shepard v. Winn Dixie Stores*, 241 Ga. App. at 747-748 (1).

This Court has previously held that when the nature of a business is likely to produce a spill or other hazard, frequent inspections may be necessary, and the reasonableness of an inspection program is a question to be decided by the jury. *Shepard v. Winn Dixie Stores*, 241 Ga. App. at 748-749 (1).

The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location.

(Footnote omitted.) Id. at 748 (1) (a jury should decide whether owners of a grocery store, where spills are common, should conduct inspections more often than every 30 minutes); *Jones v. Krystal Co.*, 231 Ga. App. 102, 104-105 (d) (498 SE2d 565) (1998) (inspections every 20 minutes in a fast food restaurant may be unreasonable).

In this case, Dorsett and another employee deposed that spills near the pumps were common and that there was at least one spill per shift. During some shifts, as many as 20 customers would report spills. Employees used a substance called "oil-dri" to soak up gas and oil spills, sometimes as often as ten times a day. These facts raise an issue about whether the frequent spills required RaceTrac to conduct inspections more frequently than every two hours.

Under these circumstances, we find that the reasonableness of RaceTrac's inspection procedures was for the jury to determine. *Shepard v. Winn Dixie Stores*, 241 Ga. App. at 749 (1); *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 471 (1) (b) (522 SE2d 749) (1999) (reasonableness of grocery store's procedure for conducting inspections every two hours was for jury to determine); cf. *Patrick v. Macon Housing Auth.*, 250 Ga. App. 806, 812-813 (552 SE2d 455) (2001) (inspection of laundry room every two hours was reasonable as a matter of law, since there had been no prior complaints about spilled water or slippery floors).

*Judgment reversed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 29, 2002 —
RECONSIDERATION DENIED AUGUST 27, 2002 —

*John H. Ridley, Jr.*, for appellant.
*Drew, Eckl & Farnham, George R. Moody, Tammy L. Tomblin*, for appellee.