## A03A0963. HELTON v. RIVERWOOD INTERNATIONAL CORPORATION.

(581 SE2d 687)

BLACKBURN, Presiding Judge.

In this slip and fall action, David Helton appeals the grant of summary judgment to Riverwood International Corporation, contending that the trial court erred by finding that he had equal or superior knowledge of a wet, oily substance that he slipped on at Riverwood's property. For the reasons set forth below, we must reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that Helton was employed as a delivery driver for Eastern Cartage, an independent trucking company hired by a supplier of sulfuric acid to Riverwood. Riverwood used the sulfuric acid for making "tall oil," a marketable byproduct of paper manufacturing. When dry, tall oil is a sticky black substance similar in consistency with molasses. However, some evidence in the record indicates that tall oil may be slippery at certain times. George Washington, a shift supervisor at Riverwood, deposed that tall oil could be slippery, and Helton, himself, maintained that tall oil becomes slippery when wet.

On or about March 29, 1999, Helton made his fourth delivery of acid to Riverwood. To deliver the acid, Helton was required to take a hose from his truck, walk down into a containment pit, connect the hose to a tank, and pump the acid from the truck into the tank. Tanks containing tall oil were also located in the containment area, and tall oil often leaked out, splattering both the floor of the containment area and the stairs. Tall oil had been present on each of the previous times that Helton had made an acid delivery, and employees of Riverwood were aware of the tall oil's presence in the containment area.

On the date in question, Helton parked outside the containment area, which he testified was subject to a fine liquid mist. Helton walked down the stairs into the containment area and hooked up the delivery hose from his truck to the appropriate tank. Helton then

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

ascended the stairs. Next, Helton walked back down the stairs to retrieve a hose of running water which he used to spray his truck. He then waited 40 minutes for the acid to be pumped out of the truck and into the tank. On the way back into the containment area, Helton slipped on a patch of wet tall oil and fell. Although he had negotiated the stairs on a number of prior occasions, Helton testified that, until the time of his fall, he had no knowledge that tall oil became slippery when it was wet.

Under these facts, summary judgment was not appropriate.

> To recover for injuries sustained in a slip-and-fall action, the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner. With respect to the first element, a defendant moving for summary judgment discharges its burden by pointing out by reference to the record that there is an absence of evidence to support the plaintiff's case. "(T)he plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*[2] Moreover, premises liability cases are not susceptible to summary adjudication except where the evidence is "plain, palpable, and undisputed." Id. at 748 (2) (b).

(Citations and punctuation omitted.) *Taylor v. Golden Corral Corp.*[3]

In this case, we cannot say, based upon our standard of review, that the evidence is plain, palpable, and undisputed. Although Helton had negotiated the stairs and the containment area on a number of prior occasions, he deposed that, prior to his fall, he had no knowledge that tall oil was slippery when wet. Riverwood, on the other hand, was on notice that tall oil could be slippery, as shown by the testimony of its shift supervisor, Washington. Because our standard of review mandates that we must view the evidence in the light most favorable to Helton, for purposes of this appeal, we must accept his statement that, despite all of his prior trips to Riverwood, he was unaware of the slippery nature of wet tall oil.

---

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[3] *Taylor v. Golden Corral Corp.*, 255 Ga. App. 860, 861 (567 SE2d 109) (2002).

"It is a plaintiff's knowledge of the specific hazard (precipitating a) slip and fall which is determinative, not merely [his] knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids." (Punctuation and emphasis omitted.) *Gourley v. Food Concepts.*[4] Whether or not plaintiff exercised reasonable care under the facts and circumstances for [his] own safety is a question for the jury. See *J. H. Harvey Co. v. Reddick;*[5] *Straughter v. J. H. Harvey Co.*[6]

*McHenry v. Longhorn Steak.*[7]
In this case, the specific hazard was not merely tall oil, but wet tall oil, which Helton states that he experienced the slippery properties of for the first time on the date of his fall. In this situation, based on the evidence of record and limited by our standard of review, we must find that Helton has presented a question of fact whether he exercised reasonable care under the facts and circumstances for his own safety, and summary judgment is not appropriate. We note, however, that this ruling would not prevent the trial court, in its discretion, from directing a verdict against Helton upon a trial of this case if he fails to meet his burden of proof.
*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED APRIL 29, 2003 — 

*Rubin & Hoyt, Robert P. Hoyt, Edwin Marger,* for appellant.
*Anderson, Walker & Reichert, Jonathan A. Alderman, Jeanna G. Fennell,* for appellee.

---

[4] *Gourley v. Food Concepts,* 229 Ga. App. 180 (493 SE2d 587) (1997).
[5] *J. H. Harvey Co. v. Reddick,* 240 Ga. App. 466, 472 (1) (c) (522 SE2d 749) (1999).
[6] *Straughter v. J. H. Harvey Co.,* 232 Ga. App. 29 (500 SE2d 353) (1998).
[7] *McHenry v. Longhorn Steak,* 253 Ga. App. 833, 835 (560 SE2d 731) (2002).