A03A0527. PYLANT v. SAMUELS, INC.
(585 SE2d 696)

ADAMS, Judge.

Plaintiff Clifton Pylant brought suit against Samuels, Inc. d/b/a Samuels Truck Stop & Restaurant (Samuels) to recover for injuries he allegedly sustained when he slipped and fell in a shower stall owned and operated by Samuels. The trial court granted summary judgment to Samuels, and Pylant filed this appeal. Because we find

---

[17] *LeRoux v. Levine*, 194 Ga. App. 381 (390 SE2d 629) (1990).

that summary judgment was not appropriate in this case, we reverse the judgment of the trial court.

When viewed in the light most favorable to Pylant, the nonmovant, the record shows the following: Sometime during the evening of October 11, 1999, Pylant stopped at Samuels to eat dinner with the intention of spending the night in his truck. Samuels has shower stalls and provides soap and towels for the use of its fuel customers; customers who do not purchase fuel can pay $5 for use of the shower. According to Pylant, the shower was filthy but he could not tell if it was "dirt or grease or just filth." Pylant said he saw two white bars of used soap on the floor as he entered the shower, and that he used a paper towel to pick them up and throw them away. According to Pylant, he had just begun to shower and was washing his face and neck when he slipped and fell. Pylant testified that after he fell he looked down and saw the remains of another bar of soap and that it looked like a "smear."

1. Pylant argues, and we agree, that disputed issues of material fact precluded summary judgment in this case.

> An owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe. This duty of ordinary care requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge. To recover for injuries sustained in a slip and fall action, therefore, the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to the actions or conditions within the control of the owner.

(Footnote omitted.) *Gilbert v. Automotive Purchasing Svc.*, 254 Ga. App. 770, 771 (563 SE2d 906) (2002). There is no evidence that Samuels had actual knowledge of the condition of its shower; however, Pylant claims that Samuels did have constructive knowledge. It is well established that:

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the

time of the incident. [*Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999); see *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999); *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).] In addition, on a motion for summary judgment, the owner must demonstrate its inspection procedures before the plaintiff must show how long the hazard has been present. [*J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 469 (1) (b) (522 SE2d 749) (1999); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).]

*Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 585 (2) (524 SE2d 289) (1999).

In this case it is undisputed that Samuels did not have a regular inspection or cleaning program in place. Samuels' owner testified at his deposition that no inspection program or regular cleaning schedule existed; rather, the facilities were cleaned "as needed" or whenever customers complained. Furthermore, Pylant testified that he threw away two bars of soap before entering the shower, which tends to suggest that at least two other patrons had showered before him and that no clean-up or inspection had occurred during the intervening time. Under these circumstances, a jury must decide whether Samuels breached its duty to keep its premises in a reasonably safe condition by failing to conduct or by negligently conducting inspections of its premises. OCGA § 51-3-1; *Gilbert v. Automotive Purchasing Svc.*, 254 Ga. App. at 772; see also *Crook v. RaceTrac Petroleum*, 257 Ga. App. 179, 181 (570 SE2d 584) (2002) (when the nature of the business is likely to produce a spill or other hazard, frequent inspections may be necessary, and reasonableness of inspection program is for the jury); *Gill v. Cooper Tire &c. Co.*, 231 Ga. App. 482, 485 (3) (499 SE2d 85) (1998) (unusually dangerous condition may impose duty to provide constant patrol of the premises).

2. Samuels contends, however, that summary judgment was appropriately granted because Pylant failed to exercise care for his own safety once he discerned the hazardous condition of the shower.

It is a plaintiff's knowledge of the specific hazard (precipitating a) slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids. Whether or not plaintiff exercised reasonable care under the facts and circumstances for his own safety is a question for the jury.

(Citations, punctuation and footnotes omitted.) *Helton v. Riverwood Intl. Corp.*, 261 Ga. App. 62, 64 (581 SE2d 687) (2003).

Although Pylant testified that the shower floor was dirty either with dirt, grease, or just filth, he has never contended that these substances made the floor noticeably slippery or caused him to fall; rather he has steadfastly maintained that he slipped on a used piece or smear of soap which he did not see prior to his fall. Pylant was obviously exercising care for his own safety when he saw and disposed of the two used bars of soap before he entered the shower; the fact that he did not see each piece or smear that had been left on the floor does not establish that he failed to exercise reasonable care for his own safety as a matter of law. The evidence as to this issue was not "plain, palpable, and undisputed," *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997), and Samuels was not entitled to summary judgment on this basis. *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. at 586 (3); *Stephens v. Kroger Co.*, 236 Ga. App. 871, 873 (2) (513 SE2d 22) (1999); *Gill v. Cooper Tire*, 231 Ga. App. at 486 (5).

*Judgment reversed. Johnson, P. J., Blackburn, P. J., Eldridge, Barnes and Mikell, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

Because I believe that Pylant had at least equal if not superior knowledge of any dangerous condition in the showers, I respectfully dissent. As the majority states, an invitee may recover if he can show that the owner had actual or constructive knowledge of the hazard and that the invitee lacked knowledge of the hazard, despite the exercise of ordinary care, due to the actions or conditions within the control of the owner. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). In this case, Samuels moved for summary judgment on the second prong of *Robinson*, claiming that Pylant had equal or superior knowledge of the condition of the showers and, in light of this knowledge, did not exercise ordinary care for his own safety. The trial court agreed and the record supports this holding.

Pylant stated that he looked at the shower and it had bars of soap on the floor and "the floor looked like maybe somebody had grease all over 'em or something and took a bath in the shower, that's how black the floor was." He said it looked like "somebody may have been working on their truck or changing oil or something" and went in the shower and dripped it on the floor. He also stated that he saw two bars of soap on the floor and picked them up. Although the majority quotes his statement that the substance he slipped on was a "smear" on the floor, Pylant said this when he was characterizing the consistency, not the size, of the soap. He said it was "squashed out" and "mashed into the [floor]." When asked how big a bar of soap he slipped on, Pylant responded, "just a small bar." When asked if it was three or four inches, Pylant said, "I guess." When asked why he did not see this bar of soap when he was picking up the other bars,

Pylant said he did not know and "I guess I wasn't looking for any more soap." When asked if there was anything preventing him from using one of the other showers, Pylant says he does not remember how many stalls there were or if he looked in the other showers.

Samuels, the owner of the truck stop, testified in his deposition that there were four shower stalls. He said that the floors of the showers were terra cotta tiles with a nonslip surface, in other words, not glazed. He also stated that the shower area was well lit and he had owned the truck stop for 25 years, and, with the exception of Pylant, no other customer had slipped or fallen in the showers.

> The proprietor has the duty to take reasonable precautions to make its premises safe, but the invitee also has a duty to exercise ordinary care for his own safety, so, where the proprietor fails to exercise reasonable care to make the premises safe, nevertheless if the invitee by exercising ordinary care could have discovered and avoided the dangerous condition, his knowledge of the danger is deemed equal to the proprietor's knowledge. The determining factor in most cases is, therefore, whether in the exercise of ordinary care the plaintiff could have discovered a dangerous condition, including one created by the proprietor.

*Anderson v. Reynolds*, 232 Ga. App. 868, 869-870 (502 SE2d 782) (1998); *Stephens v. Ernie's Steakhouse &c.*, 215 Ga. App. 166, 168 (450 SE2d 275) (1994).

In *Martin v. Consolidated Stores Corp.*, 248 Ga. App. 812 (547 SE2d 380) (2001), the plaintiff entered a restroom and saw standing water on the floor. He did not inform the store and ask to have the floor mopped, but instead chose to walk through the water to the urinal. The plaintiff slipped and fell while walking out of the restroom. Id. at 813. This Court held that the plaintiff's actual knowledge of the hazard precluded any recovery. Id. at 814. Similarly, in *Means v. Marshalls of MA*, 243 Ga. App. 419 (532 SE2d 740) (2000) (physical precedent only), the plaintiff entered a dressing room and noticed "between five and seven pieces of 'tags and garment paraphernalia' on the floor." Id. at 420. Nevertheless, she chose to use the dressing room anyway, and at some point slipped on the garment debris and fell. Id. Although the plaintiff claimed that "while she may have known that the garment debris was on the floor of the dressing room, she did not subjectively perceive that it might cause her to fall," we rejected this argument, holding that the hazard was in plain view and was one which "any person with ordinary, common sense would recognize as something that might cause a . . . fall." Id. at 420-421.

Likewise, in this case, the potential hazard was in plain view

when Pylant inspected and then chose to enter the shower. He stated that the floor of the shower looked like someone had dripped grease on it, and there were pieces of soap on the floor of the stall. He also acknowledged that the soap he claims to have slipped on was three or four inches long, was white, and should have been clearly visible against the brown tile floor.

In light of this, Pylant cannot show that he did not have actual knowledge of any hazard involved in using this shower. Because his knowledge of the danger was at least equal to, if not superior to, the knowledge of the proprietor, the trial court correctly granted summary judgment to Samuels.

DECIDED JULY 15, 2003 — 

*Kenney & Solomon, Thomas S. Kenney, Lisa H. Baggett, Lara E. Smith*, for appellant.

*Webb, Zschunke, Miller & Dikeman, William E. Zschunke, Melissa C. Duffey*, for appellee.