A03A1681. BELCHER v. KENTUCKY FRIED CHICKEN
CORPORATION et al.
(597 SE2d 604)

PHIPPS, Judge.

In this premises liability case, Raymonda Belcher appeals the trial court's grant of summary judgment entered against her in favor of Kentucky Fried Chicken Corporation (KFC). Because the record reveals that questions of fact exist regarding whether KFC had superior knowledge of the hazardous condition and whether Belcher assumed the risk of that hazardous condition, we reverse.

A party is entitled to summary judgment if that party demonstrates that no genuine issue of material fact remains and it is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Viewed in the light most favorable to Belcher, the evidence shows that on May 14, 1999, Belcher and her two sisters stopped to eat at one of KFC's restaurants. One of Belcher's sisters, Kay Rugear, went to use the ladies' restroom, but discovered "water gushing out of the toilet all over the floor." She went to the ordering counter and reported to a KFC employee that the ladies' room was "flooded." That employee told Rugear to use the men's restroom. Rugear used the men's restroom, discovering that the floor in there was covered with an inch of water. When she exited the restroom, she noticed water outside the door of the men's restroom and in the hallway between the men's and ladies' restrooms. She returned to the counter and reported to an employee, "there is water everywhere out here." Rugear recalled that the employee "grabbed a cone and slung it out the door to where it was like in the middle of the hallway there." Rugear then sat at the table with her sisters.

While the sisters were sitting together, Belcher asked where the restrooms were. Rugear pointed to the restroom area and told Belcher, "You cannot use the ladies' room, it's flooded. . . . You have to use the men's room, that's what they had recommended I do. . . . There's water everywhere."

On her way to the men's restroom, Belcher noticed a warning cone in the hallway between the men's and ladies' restrooms. She entered the men's restroom, locked the door, took one step, slipped, and fell. Belcher then saw that about 90 percent of the floor in the men's restroom was covered by an inch of water. She deposed that she had not seen the water before her fall. She was not looking at the floor because she suffered from incontinence and was "in a hurry." Further, she was "very intimidated going to use the men's rest room." There were no other warning cones in the area.

A KFC assistant manager who had been on duty at the time of Belcher's fall deposed that, before the sisters arrived that day, the toilet in the ladies' restroom overflowed. She remembered that the toilet had caused "a pretty good spill." She explained, "What we usually do if it's a big water spill, we use the squeegee." On the day in question, a KFC employee had squeegeed the water from the ladies'

---

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

restroom, into the hallway, and then into the men's room to take advantage of a drain in the floor there. Afterward, the floor was mopped. The assistant manager testified that, by the time the sisters arrived, "it had been cleaned up," but the floors in the ladies' restroom, the men's restroom, and the hallway remained wet. She also stated that, when the floors in the hallway and both restrooms were wet, the normal practice was to put a warning cone in the hallway and inside both restrooms.

Belcher sued KFC and others for injuries she sustained when she slipped and fell. She alleged that her fall was caused by a wet floor, that KFC knew or should have known that the wet floor presented a dangerous condition, and that KFC failed either to warn adequately of the hazardous condition or to make it safe. In moving for summary judgment, KFC presented two arguments: that Belcher failed to show that it had superior knowledge of the condition and that Belcher had assumed the risk. Belcher responded that her case was one concerning active negligence and thus the question of whether KFC had superior knowledge was inapplicable. Belcher also denied having assumed the risk of traversing the standing water in the men's restroom. The trial court granted KFC summary judgment, finding no evidence that KFC had superior knowledge of the hazard.

1. Belcher contends that the grant of summary judgment against her was error, asserting that her case presents a claim of active negligence.

An owner or occupier, who "by express or implied invitation, induces or leads others to come upon his premises for any lawful purposes, . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[3]

This concept [of premises liability] focuses on different inquiries depending on whether the injury arises (a) from pre-existing conditions or (b) from active negligence, i.e., from the proprietor's acts or omissions occurring at the time the plaintiff was on the premises. In the former, the inquiry is whether the proprietor had superior knowledge of the defect or dangerous condition; in the latter, the inquiry is whether the proprietor could reasonably foresee that his actions or inactions would cause injury to the plaintiff.[4]

---

[3] OCGA § 51-3-1.

[4] (Footnotes omitted.) *Brownlee v. Winn-Dixie Atlanta*, 240 Ga. App. 368, 369-370 (2) (523 SE2d 596) (1999).

Belcher argues that her injuries resulted from KFC's act of intentionally pushing water onto the floor in the men's room and thus her case makes a claim for active negligence. But it is undisputed that such act occurred before Belcher was on the premises. Because there is no evidence that the act that allegedly caused Belcher's injuries "[was] occurring at the time [she] was on the premises,"[5] this case does not present a claim of active negligence.[6] The proper inquiry, therefore, is whether KFC had superior knowledge of the dangerous condition.[7]

2. We turn to the question of whether KFC had superior knowledge of the dangerous condition. To recover for injuries sustained in this slip and fall action, Belcher must prove (1) that KFC had actual or constructive knowledge of the hazard, and (2) that she lacked knowledge of the hazard, despite the exercise of ordinary care, due to the actions or conditions within the control of the owner.[8]

> It is a plaintiff's knowledge of the specific hazard (precipitating a) slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which plaintiff observes and avoids. Whether or not plaintiff exercised reasonable care under the facts and circumstances for his own safety is a question for the jury.[9]

As for the first prong, it is undisputed that, before the sisters arrived, KFC knew that the ladies' toilet had overflown onto the ladies' restroom floor and that its employee had pushed water from the ladies' restroom, across the hallway, and into the men's restroom. After the sisters arrived, KFC was informed that water was gushing out of the ladies' toilet and onto the floor. And after directing Rugear

---

[5] (Footnote omitted.) Id. at 369.

[6] Compare *Lipham v. Federated Dept. Stores*, 263 Ga. 865 (440 SE2d 193) (1994) (evidence that plaintiff was injured when employee unintentionally knocked her to the ground on store premises created claim of active negligence); *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439 (491 SE2d 881) (1997) (physical precedent only) (evidence that, at the time the plaintiff slipped on water and fell, a floor scrubbing machine that may not have been in proper repair was leaving a streak of water on the floor, combined with failing to place warning signs properly on the floor, presented a case of active negligence); *Wade v. Mitchell*, 206 Ga. App. 265 (424 SE2d 810) (1992) (evidence that plaintiff was injured when struck by air or something from an exploding tire, which was being inflated in an open area of a truck stop, created a claim of active negligence).

[7] *Brownlee*, supra.

[8] See *Gilbert v. Automotive Purchasing Svc.*, 254 Ga. App. 770, 771 (563 SE2d 906) (2002).

[9] (Citation omitted.) *Pylant v. Samuels, Inc.*, 262 Ga. App. 358, 360 (2) (585 SE2d 696) (2003).

to the men's restroom, KFC was notified by Rugear of water "everywhere out here." Thus, the record presents some evidence that KFC knew about the hazardous condition in the men's restroom.

We turn to the second prong — whether Belcher lacked knowledge of the hazard, despite the exercise of ordinary care, due to the actions or conditions within the control of the owner.

In *Robinson v. Kroger Co.*,[10] the Supreme Court of Georgia held

> an invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation. We further hold that an invitee presents some evidence of the exercise of reasonable care for personal safety when the invitee explains that something in the control of the owner/occupier and of such a nature that the owner/occupier knew or should have known of its distractive quality caused him not to look at the site of the hazard.[11]

Belcher stated that she had not seen the water on the floor of the men's restroom because she did not interpret her sister's remarks or the cone in the hallway as a warning that a dangerous condition existed *inside* the men's restroom. Belcher had been informed that the ladies' restroom was closed because "it's flooded," and that, because of that problem, KFC was diverting female customers to the men's restroom. Rugear's caution to Belcher of water "everywhere," in light of the instruction to use the men's restroom, stopped short of expressly extending to the inside of that restroom. And there was no warning cone placed either at the door of or inside the men's restroom. Thus, having reached the men's restroom, Belcher believed that she was no longer subject to the dangerous condition about which she had been forewarned.

The issue of a plaintiff's lack of ordinary care for personal safety is generally not susceptible of summary adjudication, and "summary judgment is granted only when the evidence is plain, palpable, and

---

[10] 268 Ga. 735 (493 SE2d 403) (1997).
[11] Id. at 748 (2) (b).

undisputed."[12] Taking into account all the circumstances around the time of Belcher's fall, we cannot conclude that, as a matter of law, Belcher failed to exercise ordinary care for her own safety. KFC directed female patrons to the men's restroom because of a problem with the ladies' restroom. And it failed to indicate, by use of additional warning cones or other means, that its water problem extended into the men's restroom. Thus, whether Belcher exercised ordinary care for her personal safety and whether she lacked knowledge of the water hazard in the men's restroom, despite the exercise of ordinary care, due to actions or conditions within the control of the owner/occupier, are questions for the jury.[13]

3. Because KFC's summary judgment may nonetheless be affirmed under the rule of "right for any reason,"[14] we turn to the second ground that KFC argued, the affirmative defense of assumption of the risk. A defendant asserting that defense must establish that the plaintiff (1) had actual knowledge of the specific danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed himself to those risks.[15] Consistent with our discussion in Division 2 of this opinion, we conclude that KFC has not demonstrated, as a matter of law, that Belcher assumed the risk of negotiating water on the floor of the men's restroom.

*Judgment reversed. Ellington, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED MARCH 25, 2004.

*Michael M. Calabro*, for appellant.
*Luther-Anderson, Alaric A. Henry*, for appellees.

---

[12] Id.

[13] See *Laffoday v. Winn Dixie Atlanta*, 235 Ga. App. 832, 834 (510 SE2d 598) (1998).

[14] *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 681 (2) (498 SE2d 748) (1998).

[15] *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996); *McHenry v. Longhorn Steak*, 253 Ga. App. 833, 835 (560 SE2d 731) (2002).